|4DENNIS, Justice,
concurring.
It appears that the attorney’s chemical dependency was the primary cause of his disciplinary violation, that the attorney is otherwise morally fit to practice law, and that the attorney’s impairment has been brought under control so that the attorney safely can be allowed to practice. However, in exercising its responsibility to the public, this Court should require the Disciplinary Board, with the assistance of the Lawyer’s Assistance Program, to evaluate the attorney to determine whether he should be readmitted to practice subject to supervision or monitoring for a reasonable period. See Louisiana State Bar Association v. Dumaine, 550 So.2d 1197 (La.1989); Louisiana State Bar Association v. Longnecker, 538 So.2d 156 (La.1988); and authorities cited in these decisions.
This precaution seems warranted in light of the fact that, notwithstanding respondent’s claim of sobriety since 1988, he has had several disciplinary infractions within the last five years (i.e., since 1989). Although the record indicates that respondent is well into what appears to be a successful recovery, the evaluation of professionals familiar with substance abuse problems in our profession seems prudent. The respondent has not ex *628 pressed any objection to such an evaluation and has indicated his willingness to submit to supervision.
I respectfully disagree with the Court’s failure to require evaluation of the attorney for the purpose of determining whether monitoring or supervision is warranted,